THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIKE SHEPPARD, Defendant-Appellant.

(No. 11787;

Fourth District—June 20, 1974.

John F. McNichols and J. Daniel Stewart, both of the State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Hugh H. Rowden, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of battery at a bench trial. Sentence of 2 years' probation was imposed with the provision that 90 days be served at the State penal farm at Vandalia. Defendant's bond was continued and sentence stayed pending appeal.

On appeal it is urged that defendant was not proven guilty beyond a reasonable doubt, that the trial court erroneously accepted counsel's jury waiver by failing to admonish the defendant of his right to jury trial, and that the sentence does not conform with the Unified Code of Corrections.

■■ This conviction arises from an incident that occurred outside the Warehouse nightclub in Springfield early on the morning of November 26, 1970. Defendant and two companions left the nightclub when the bartender asked them to leave because of their arguing. At this point, the testimony becomes conflicting. A fight developed which defendant described as a "huge fracas." Defendant was involved in part of the fight described as "confusing," during which he was knocked to the ground several times and he kicked in the nose one Bill Sales, who was not the victim of the battery charged in the indictment. The complaining witness, Robert Finneran, testified that defendant kicked him in the head. Finneran was rather severely injured during the course of the brawl. The complaining witness testified that defendant visited him at the hospital and stated, "We didn't mean to beat you up that bad." The testimony was corroborated by two other witnesses. Defendant's version of this conversation is that he told Finneran only that he was sorry that someone was hurt in the incident, and that the defendant was "the original reason that the whole thing developed." On the basis of the trial court's finding that there was a reasonable doubt as to whether defendant actually kicked Finneran, the trial court found the defendant not guilty of aggravated battery as charged. Relying largely on defendant's admission that he was involved in the beating, and the facts that Finneran was injured, defendant was fighting and he attempted to flee the scene, defendant was found guilty of battery. Where the trial court sitting as the trier of facts enters a finding of guilty, it will not be disturbed on review unless the evidence is so unreasonable, improbable or unsatis-

factory as to leave a reasonable doubt as to defendant's guilt. (*People v. Curry*, 56 Ill.2d 162, 174, 306 N.E.2d 292.) In light of defendant's admission to participation in the beating, which the trial court believed, and his admitted participation in a fight described as confusion, the trial court's finding of guilty is not so unreasonable, improbable or unsatisfactory that this court will disturb that finding on review.

■■ It is urged that the trial court improperly accepted a waiver of jury trial by defendant's counsel. At the arraignment, defendant was informed of and clearly demonstrated that he understood that he had a right to a trial by jury. The record also shows that defendant was present and made no comment when his counsel made a motion to withdraw his jury demand and to proceed with a bench trial. Under these circumstances, the defendant is deemed to have acquiesced in and be bound by counsel's waiver. (*People v. Sailor*, 43 Ill.2d 256, 260, 253 N.E.2d 397.) Further, the defendant's failure to raise the alleged impropriety of his jury waiver in his post-trial motion constitutes a waiver of that issue. *People v. Curry*, 56 Ill.2d 162, 170, 306 N.E.2d 292; *People v. Pickett*, 54 Ill.2d 280, 282, 296 N.E.2d 856.

■■ Finally, defendant contends that the trial court abused its discretion by imposing 90 days of imprisonment as a condition to his probation, and that further, under the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(d) and par. 1008—2—4), as his appeal was still pending on the effective date of the Unified Code of Corrections (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269), the term of imprisonment should be deleted from his sentence of probation.

The Unified Code of Corrections, section 5—6—3(d) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(d)), effective January 1, 1973, provided that the trial court shall not require a period of imprisonment as a condition of probation. In *People v. Grant* (1974), 57 Ill.2d 264, 312 N.E.2d 276, and *People v. Mahle* (1974), 57 Ill.2d 279, 312 N.E.2d 267, it was determined that the statutory provision on such effective date controlled as to those cases pending on appeal, that defendant was entitled to the benefit of the provision of the Code on such effective date and that such entitlement was not affected by the subsequent amendment of the Code of Corrections effective November 14, 1973, permitting imprisonment not to exceed 6 months as a condition of probation.

That portion of the sentence which provides imprisonment for 90 days is vacated and as so modified, the judgment below is affirmed.

Judgment modified and affirmed.

CRAVEN and SIMKINS, JJ., concur.