(No. 46849.—

(No. 46850.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EDDIE MURRELL, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES BRODUS (BRODAUS), Appellee.

*Opinion filed March 24, 1975.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

Paul Bradley, First Deputy Defender, Office of State Appellate Defender, of Chicago (Brenda E. Richey, Assistant Defender, of counsel), for appellee.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

These consolidated appeals concern the continued viability of our decision in *People v. Sailor*, 43 Ill.2d 256, where this court held, *inter alia,* that where defense counsel waives the defendant's right to a trial by jury in the defendant's presence, the defendant is deemed to have acquiesced in, and is bound by, his attorney's action.

In cause No. 46849, the defendant, Eddie Murrell, was found guilty, in a bench trial, of battery and theft of property valued at less than $150. The record shows that the defendant was arrested, tried, convicted, sentenced, and filed his notice of appeal all on the same day, February 8, 1973. The defendant waived a jury trial through his court-appointed counsel. There is no indication in the record that defense counsel ever advised his client of his right to trial by jury. The appellate court reversed and remanded for a new trial, finding a lack of any affirmative showing in the record that the defendant knew or was informed of his right to trial by jury. 20 Ill. App. 3d 789.

In cause No. 46850, the defendant, James Brodus, was charged with contributing to the sexual delinquency of a child and found guilty in a bench trial. Defendant Brodus

also waived a jury trial through his court-appointed counsel. In this case also there is a lack of any affirmative showing in the record indicating that the defendant knew or was informed of his right to trial by jury. The appellate court reversed the conviction and remanded the cause for a new trial. (19 Ill. App. 3d 840.) We granted the State's petitions for leave to appeal in both cases and consolidated them in this court.

The sole question presented is: When defense counsel in defendant's presence makes a statement waiving the defendant's right to a jury trial, does such a statement constitute a valid jury waiver. In *Sailor* we answered this question in the affirmative, concluding that a defendant ordinarily speaks and acts through his attorney, who stands in the role of agent. A defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in, and is bound by, his attorney's action.

The defendants, borrowing language from and relying on *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, contend that a knowing and understanding waiver of the right to jury trial cannot be presumed from a silent record. In each of these cases now under consideration the waiver of the right to jury trial was not presumed, nor is the record silent on the question of waiver. The record shows that the waiver was made by counsel in open court in the presence of the defendant, who acquiesced in the waiver. The record is only silent as to the defendant's knowledge and intent. Our Rule 402 (50 Ill.2d R. 402) only requires an affirmative showing on the record of a knowing and understanding waiver as to pleas of guilty. As the Committee Comments state, this determination is required by *Boykin*. Neither our rule nor *Boykin* contains a similar requirement concerning the waiver of the right to jury trial. Since *Boykin* was decided on June 2, 1969, prior to the decision of this court in *Sailor* on November 26, 1969, it is not necessary to again consider the question of

jury waiver in light of *Boykin.*

We accept as the preferred procedure the recommendation contained in the American Bar Association Standards relating to the Administration of Criminal Justice. ABA Standards, Trial by Jury, Standard 1.2(b) (1968), provides:

> "The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record."

By following this recommendation the courts will not only minimize the chance of an involuntary waiver by a defendant but will also provide the basis for an accurate after-the-fact determination if a waiver is later challenged. Although this procedure is preferred, it is not constitutionally required; nor do our rules or the statutes require that it be followed. Should a case arise where the application of the principle of *Sailor* does result in an involuntary waiver, as will be indicated later in this opinion, the defendant is not without a remedy.

We also cannot accept the defendants' argument that *Sailor* should not be followed where counsel is not appointed until the time of trial and the record does not indicate that the newly appointed counsel had an adequate opportunity to confer with the defendant. This argument is again asking the court to presume from a silent record that the waiver was *not* knowingly and understandingly made.

Neither of the defendants in these cases now before this court has urged that he wanted or that he was deprived of a jury trial. Also neither defendant urges that he was in any way prejudiced by his counsel's waiver. There is no contention that the waiver was not voluntary. Under these circumstances we will not reverse the convictions. *People v. Dudley,* 58 Ill.2d 57; *People v. Morehead,* 45 Ill.2d 326.

A review of violations of constitutional rights which

do not appear in the record may be obtained under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1973, ch. 38, par. 122–1 *et seq*.) If the defendant, as in these cases, has been convicted of a misdemeanor and feels that his constitutional rights have been violated, he may resort to the remedy fashioned by this court in *People v. Warr*, 54 Ill.2d 487. Thus, if a defendant claims that the waiver of jury trial made by his counsel was not authorized and that he was deprived of this constitutional right by the application of *Sailor*, he has not been left without a remedy. He may affirmatively allege the claimed violations and support his claim by the necessary proof.

For these reasons we reverse the appellate court in People v. Murrell, No. 46849, and in People v. Brodus, No. 46850.

In People v. Murrell, the appellate court opinion states that in addition to the issue which we have decided in this opinion the defendant also argued: (1) that he was not proved guilty beyond a reasonable doubt; (2) it was error to sentence the defendant for two offenses arising out of the same transaction; and (3) it was error for the trial court to vacate the original sentence and impose a new sentence.

The appellate court found it necessary to only consider the question we have decided in this opinion and made no decision on the other questions. Murrell asks that in the event we reverse the appellate court his case be remanded to that court for the decision of these remaining questions. Ordinarily, this would be the appropriate procedure. However, the record in this case is not lengthy and we have read it in its entirety. Also the law is well settled on these remaining issues, and we feel it is not necessary that these points be briefed and argued in this court. Under our Rule 366(a)(5) (50 Ill.2d R. 366(a)(5)) it is appropriate for us to decide these issues in this appeal.

As to the question of the adequacy of the proof of guilt, there is sufficient evidence in the record to support

the court's finding. Murrell and his companions testified that during a dice game an unknown person struck another man and then someone turned out the lights. Each witness denied being involved in the fight or any criminal conduct. The complaining witness, however, testified that Murrell seized him by the neck, forced him against the wall and removed his billfold from his pocket. He stated that his billfold contained about $50. This testimony was supported by the testimony of another witness. Obviously, the trier of the facts believed the complainant and his supporting witness and rejected the defendant's contention.

From the above evidence the court found Murrell guilty of theft (of property under $150 in value) and battery. Both of these offenses arose from the same transaction, or, more correctly stated, the battery was only incidental to the theft. Under these circumstances, it was not only error to sentence Murrell for both offenses but judgment should not have been entered for both. (*People v. Scott,* 57 Ill.2d 353; *People v. Lilly,* 56 Ill.2d 493.) Murrell was not charged with the theft of property from the person. Therefore both offenses were Class A misdemeanors. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 16—1(e)(1); ch. 38, par. 12—3(b).) Under the circumstances of this case Murrell should have only been found guilty and sentenced for the offense of theft. The conviction and sentence for the offense of battery are vacated.

Murrell and his co-defendants were tried together on February 8, 1973. Following the bench trial the court found Murrell guilty. The court, under the impression that Murrell had no previous criminal record, sentenced him to probation for one year with periodic confinement for three weekends. The common-law record reflects that on the same day, February 8, 1973, a notice of appeal was filed with the circuit clerk by Murrell. The next day the State moved to vacate the sentence and informed the court

that Murrell had a prior criminal record. The court vacated its previous sentence and sentenced Murrell to Vandalia for seven months for both offenses, the sentences to be concurrent.

Murrell contends that the court did not have jurisdiction to vacate its sentence of February 8, 1973, and to resentence him after the notice of appeal had been filed. During oral argument counsel stated that Murrell has served the sentence imposed. The relief prayed is not to set aside the conviction but only the sentence. Nullification of a conviction may have important consequences to a defendant (*People v. Shambley*, 4 Ill.2d 38; see also Annot., 9 A.L.R.3d 462 (1966)). The same consequences are not apparent, however, when the conviction stands and only the sentence is set aside. (*North Carolina v. Rice*, 404 U.S. 244, 30 L. Ed. 2d 413, 92 S. Ct. 402.) Since the sentence has been served, the question of the validity of its imposition is moot, and it is unnecessary for this court to consider it further.

The conviction and sentence of defendant Murrell for battery are vacated, and the judgment against defendant Murrell for theft is affirmed.

> 46849 — *Appellate court reversed;*
> *circuit court affirmed in*
> *part and vacated in part.*
> 46850 — *Appellate court reversed;*
> *circuit court affirmed.*