THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH WILLIAMS, Defendant-Appellant.

Fourth District   No. 4—83—0807

Opinion filed June 29, 1984.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant was found guilty at a bench trial in the circuit court of McLean County of the offense of battery in violation of section 12–3 of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, par. 12–3.) He was sentenced to 12 months' probation conditioned upon six months in the county jail.

No issue is raised as to reasonable doubt and therefore the facts become immaterial on appeal. The sole issue in this court is the validity of the defendant's jury waiver. We find it void and reverse the conviction.

Some procedural history is required for an understanding of the issue on appeal. Defendant was charged by information on March 3, 1983. He was served with a copy of the information on that date and the matter was set for pretrial on April 11, 1983. On the following day, March 4, 1983, counsel entered appearance on behalf of the defendant. The docket shows that the pretrial was held and the case apparently assigned for the next jury calendar, although no transcript of the proceedings appears in the record.

The next docket entry is that of June 27, 1983, and appears to be the trial date. It shows that defendant failed to appear and a warrant was ordered to issue. It was returned July 14, 1983, at which time defendant appeared in the custody of the sheriff, bond was fixed and

bail posted, and the cause continued to the next available jury setting.

On September 6, 1983, a document was filed by the circuit clerk as follows:

"The undersigned defendant in the above entitled cause, comes now in open court in (his) own proper person, acknowledges receipt of copy of complaint in due time, acknowledges admonition by the Court as to effect of this plea, for plea herein says that (he) is guilty/not guilty in manner and form as charged in said complaint, and waives/demands a jury in said cause." (Strikeovers and underscoring in original; script in parentheses, balance in print.)

The document bears the signature "Kenneth Williams."

The docket entry on that date states: "Jury waiver filed. Cause set for BT on 10-3-83 @ 9:00 a.m. Mr. Banford to notice State."

Counsel on appeal has supplemented the record with a document entitled "Bystanders Report of Filing of Jury Waiver." It was executed by the trial judge and states in substance that the waiver was filed with the trial judge's secretary by defendant's trial counsel and that defendant himself was not present at the time.

The case then proceeded through trial on October 3 and sentencing hearing on November 2, 1983. A further hearing on stay of sentence pending appeal was held on December 2, 1983. At no time during these proceedings was the question of the jury waiver raised by either the defendant or his counsel.

Section 103—6 of the Code of Criminal Procedure of 1963, implementing the constitutional guaranties of jury trial, provides:

"Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." Ill. Rev. Stat. 1981, ch. 38, par. 103—6.

■ The statute is plain on its face and contains two requirements for a valid waiver: (1) that it be in open court, and (2) that it be understandingly made. These principles were interpreted in *People v. Oatis* (1977), 47 Ill. App. 3d 229, 361 N.E.2d 1146. In that case the defendant proceeded through a *pro se* bench trial and on appeal maintained that his jury waiver was not understandingly made in open court. The court held that the defendant had not presented a sufficient record to demonstrate error and hence affirmed the conviction. However, the court also stated, "If the record shows that the waiver was not made in open court or not made under circumstances indicating an understanding waiver, the court should reverse." 47 Ill. App. 3d 229, 232, 361 N.E.2d 1146, 1148.

In the instant case the record is more complete than that in

*Oatis*, although with the addition of the bystander's report, it becomes internally contradictory; *i.e.*, the waiver states that it occurred in open court, while the bystander's report negates that aspect of the case.

■ However, faced with the difficult choice of picking and selecting which element of the record to believe (a situation forced upon us by defendant), we elect to follow the bystander's report. The specific statement of the trial judge carries greater weight than a printed form. This should not be interpreted as a sanction for the procedure used here. Even if the waiver had been filed outside of open court, there was more than adequate opportunity at the commencement of the bench trial to confirm it according to the statute.

It follows that since the waiver was not executed, nor confirmed in open court, the statute was violated. The record required by *Oatis* is sufficient.

■ Defendant also argues that the record does not demonstrate the second prong of the statutory test, intelligent waiver. However, the record has not been preserved by the defendant on this point, and we decline to consider it. *People v. Oatis* (1977), 47 Ill. App. 3d 229, 361 N.E.2d 1146.

■ We turn next to the nettlesome question as to whether the defendant has waived the issue by failing to raise it at the trial level. As has been indicated, neither defendant nor his trial counsel at any time during the proceedings, trial, post-trial motion, or sentencing hearing, raised the question of jury waiver. It appeared for the first time on appeal. Waiver is a familiar doctrine and needs no citation of authority. It applies to constitutional issues (*People v. Black* (1972), 52 Ill. 2d 544, 288 N.E.2d 376), and has been held specifically to apply to jury waivers. *People v. Sheppard* (1974), 20 Ill. App. 3d 1036, 313 N.E.2d 287.

The only basis upon which this court may consider the issue is that of plain error under Supreme Court Rule 615(a). (87 Ill. 2d R. 615(a).) We have been cautioned by the supreme court that plain error is not to be lightly and indiscriminately used, and is limited to those cases "in which the plain error affected substantial rights." (*People v. Garcia* (1983), 97 Ill. 2d 58, 86, 454 N.E.2d 274, 286.) Under our system of jurisprudence the right to a jury trial is basic and fundamental. Any tampering with it represents an infringement on a substantial right. We believe that the procedure used in the case at bar raises itself to the level of plain error and we so consider it.

The results reached by the appellate courts have generally tended to find plain error in circumstances similar to those found here. In

*People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180, an apparently complete record contained no mention of waiver of jury trial; it was held to be plain error. Where the record indicates that a *pro se* defendant does not fully comprehend his right to jury trial, plain error exists. (*People v. Miller* (1977), 55 Ill. App. 3d 1047, 371 N.E.2d 917.) Similarly, when a defendant is handicapped in such a manner as to reduce his ability to comprehend his right to jury trial, plain error has been found. *People v. Murff* (1979), 69 Ill. App. 3d 560, 387 N.E.2d 920.

■ While none of the special circumstances found in the foregoing cases appears to be present here, nevertheless the record is plain that defendant's waiver did not occur in open court and it is silent as to his comprehension of his right. Although defendant's criminal re-·cord is extensive, we decline to speculate on the level of his comprehension of the right to jury trial. The case is thus unlike *People v. Eveland* (1980), 81 Ill. App. 3d 97, 400 N.E.2d 1078, wherein the defendant had been fully admonished as to her right to jury trial. The waiver came by way of letter from her counsel. No objection was raised at trial, and it was held to be ministerial error, not elevated to the status of plain error. No admonishment of any kind appears in the instant record.

We are aware that many of the requirements of the Code of Criminal Procedure of 1963 place great burdens on high-volume courts, such as traffic and misdemeanor tribunals. However, there are no safe shortcuts, and judicial economy is better served by following the statute in the first instance.

The judgment of the circuit court of McLean County is therefore reversed and the cause is remanded to that court for a new trial in accordance with the views expressed in this opinion.

Reversed and remanded for new trial.

TRAPP and GREEN, JJ., concur.