(No. 59851.—
(No. 59911.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN K. SMITH, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GREEN FLOWERS, Appellant.

*Opinion filed April 19, 1985.—Rehearing*
*denied May 31, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Gary L. Peterlin, State's Attorney, of Ottawa (Jill Wine-Banks, Solicitor General, and Michael B. Weinstein, Mark L. Rotert and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, and John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Jean Herigodt and Verlin R. F. Meinz, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellee.

James J. Doherty, Public Defender, of Chicago (Karen S. Szpajer, Assistant Public Defender, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat, Joan S. Cherry, and Timo-

thy J. Joyce, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The issue common to these consolidated appeals is whether the record in each case evinces a valid waiver by the defendant of his right to a jury trial. Following a bench trial in the circuit court of La Salle County, the defendant in cause No. 59851, John K. Smith, was convicted of reckless conduct and sentenced to nine months' imprisonment. The appellate court reversed that judgment and remanded the cause for a new trial (121 Ill. App. 3d 542), and we allowed the State's petition for leave to appeal (94 Ill. 2d R. 315(a)). In cause No. 59911, the defendant, Green Flowers, was convicted in a bench trial in the circuit court of Cook County of two counts of battery and sentenced to concurrent 90-day terms of imprisonment. The appellate court affirmed that judgment (121 Ill. App. 3d 1158 (order under Supreme Court Rule 23 (87 Ill. 2d R. 23))), and we allowed the defendant's petition for leave to appeal (94 Ill. 2d R. 315(a)). On our own motion we ordered the consolidation of the two appeals for oral argument and for disposition.

The facts of each case may be stated briefly. The record in cause No. 59851 discloses that the defendant, Smith, was charged by information on December 3, 1982, with the offense of reckless conduct; the charge alleged an occurrence in Mendota several months earlier, when the car that Smith was driving struck and injured a child. On December 4 Smith was served with a summons directing him to appear December 7 in the Mendota branch of the circuit court of La Salle County. Defense counsel filed an entry of appearance on December 7. The next item in the record is a notice dated December 21, 1982, informing Smith and his attorney that a bench trial was scheduled

in this matter for February 2, 1983. On February 2 the information was dismissed on Smith's motion; after a brief recess, more detailed informations were filed, charging Smith with reckless conduct and reckless driving. The matter then proceeded to a bench trial, and Smith was found guilty of both offenses. A summary of the proceedings held that day appears in the common law record, and it says in part, "Cause comes on for Bench Trial." The trial judge later sentenced Smith to nine months' imprisonment for reckless conduct and vacated the guilty finding for the other offense.

The appellate court reversed that judgment and remanded the cause for a new trial. With one justice dissenting, the appellate court agreed with Smith that the record failed to show that he had waived his right to a jury trial. Given that result, the court did not address the other arguments presented on appeal.

The record in cause No. 59911 discloses that the defendant, Flowers, was charged by complaint February 24, 1983, with two counts of battery, in addition to several other offenses; the charges alleged an occurrence on February 23, 1983, in which Flowers injured two police officers who were trying to arrest him. The first docket entry in the record is for February 24, and it says simply, "MOTION STATE SET FOR 3-3-83 Call 2." Similarly, the docket entry for March 3 says, "MOTION STATE SET FOR 3-10-83"; below that is the word "Final." The next proceeding took place on March 10; a transcript reveals that on that day Flowers pleaded not guilty to the charges, the trial court heard and ruled on Flowers' motion to suppress evidence, and the matter proceeded to trial, without a jury, and sentencing. The court found Flowers guilty of the two charges of battery and sentenced him to concurrent 90-day terms for those offenses. The sole evidence of a jury waiver is provided by entries in the half-sheets indicating the final dispositions of the

charges; the entries are dated March 10, 1983. The two convictions bear a stamped legend that says in pertinent part, "TRIAL BY COURT-FINDING OF GUILTY." The other charges bear a stamped legend that says in pertinent part, "PLEA OF NOT GUILTY JURY WAIVED."

The appellate court affirmed the judgment. Finding the record on appeal incomplete, the appellate court concluded that Flowers had failed to present a sufficient basis for resolving his assertion that he had not made a valid waiver of his right to a jury trial.

The State argues at the outset that by not raising the validity of the jury waivers in post-trial motions both defendants have failed to preserve the issue for review. Defendant Flowers did not file a post-trial motion; defendant Smith filed one, but it did not include this issue. Nor was the question raised in either cause at any other time in the trial court. Normally, then, the issue would be deemed waived. (*People v. McAdrian* (1972), 52 Ill. 2d 250.) The waiver rule is one of administrative convenience rather than jurisdiction, however, and we have provided by rule that plain errors affecting substantial rights may be noticed on review though not brought to the trial court's attention (87 Ill. 2d R. 615(a)). Without determining that in every case the sufficiency of a jury waiver will warrant review, we shall consider the issue as it is presented in the two causes here, given its importance and the frequency with which it arises. See *People v. Rehbein* (1978), 74 Ill. 2d 435, 439.

The right of an accused to a jury trial in a criminal prosecution is guaranteed by the Illinois Constitution. (Ill. Const. 1970, art. I, sec. 8.) Additionally, the defendants here had a similar right under the Federal Constitution (U.S. Const., amends. VI, XIV), for each was tried for a serious offense—one punishable by a term of imprisonment in excess of six months. *Codispoti v. Pennsylvania* (1974), 418 U.S. 506, 41 L. Ed. 2d 912, 94 S.

Ct. 2687; *Duncan v. Louisiana* (1968), 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444.

Consistent with those constitutional requirements, section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—6) provides:

> "Waiver of Jury Trial. Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

To the same end, our decisions have imposed on the circuit courts the duty of ensuring that a defendant's waiver of his right to a jury trial be made expressly and understandingly. (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353; *People v. Surgeon* (1958), 15 Ill. 2d 236; *People ex rel. Swanson v. Fisher* (1930), 340 Ill. 250.) No set admonition or advice is required before an effective waiver of that right may be made, however. (*People v. Frey* (1984), 103 Ill. 2d 327; *People v. Murrell* (1975), 60 Ill. 2d 287; *People v. Richardson* (1965), 32 Ill. 2d 497.) Also, we have recognized the validity of a waiver made by defense counsel in the presence of the defendant and without his objection. *Murrell; People v. Sailor* (1969), 43 Ill. 2d 256.

Review of the validity of a defendant's waiver of his right to a jury trial depends, of course, on the existence of an adequate memorial of the event, if it occurred at all. (*People v. Chitwood* (1977), 67 Ill. 2d 443.) Given the statutory requirement that a jury waiver be made in open court, a suitable report of the proceeding in which the waiver is supposed to have occurred will be an essential part of the record in an appeal that raises the question. The necessary report may take any one of several forms—our rules provide that if a verbatim transcript of a proceeding is not available, a party may submit in its stead a proposed report of proceedings or an agreed statement of facts. (87 Ill. 2d Rules 323(c), 323 (d), 612(c); *People v. Hopping* (1975), 60 Ill. 2d 246.) Responsibility

for preserving and presenting a sufficient record of the asserted error necessarily falls on the party who makes the assertion of error. (*People v. Edwards* (1978), 74 Ill. 2d 1; *People v. Smith* (1969), 42 Ill. 2d 479.) Therefore, when an entry in the common law record indicates that a jury waiver has been made, a defendant seeking review of that question should include in the record on appeal a transcript, or suitable substitute for one, of the corresponding proceeding. Only by that means can a court of review determine whether the entry in the record reflects a valid jury waiver. In *People v. Oatis* (1977), 47 Ill. App. 3d 229, 232, the court correctly observed:

> "[I]n a criminal case when the common law record shows that the defendant has waived jury trial, on appeal after a bench trial, a defendant claiming error in the jury waiver must cite the specific error that occurred and substantiate that claim by the presentation of a sufficient record. If the claim is that the jury waiver was not made in open court or that it was not understandingly made, the record should be sufficient to cover all proceedings which involved the waiver."

If the State believes that the jury waiver was made on an occasion other than that suggested in the record, then the record may be supplemented, at the State's request, with the corresponding report.

Applying these rules to cause No. 59851, we conclude that defendant Smith has failed to present an adequate record from which the validity of his jury waiver may be determined. The waiver of his right to a jury trial occurred, if at all, on December 7, 1982. The record before us shows that on that day the defendant was scheduled to appear and, also, that his attorney filed an appearance. We allowed the State's motion to supplement the record on appeal with the record sheets maintained in this cause by the circuit court clerk. The entries on the record sheets reflect generally what is contained in the

common law record and in the transcripts of the trial and post-trial proceedings. Notably, the entry for December 7 says, "Attorney Reck entered his appearance to be sent to Ottawa for Bench trial before Judge Wimbiscus." No report of the proceedings for December 7—if any were held that day—is included in the record. Thus, we have no way of determining whether a valid waiver was or was not made that day. It was Smith's duty here, as the party appealing the circuit court judgment, to preserve and present on review an adequate record from which his allegation of error could be resolved. Without that, we must assume that the record indications of a jury waiver are indeed based on a valid waiver.

In cause No. 59911, we conclude that the record is sufficient and that it fails to show that defendant Flowers made a valid waiver of his right to a jury trial. There, the only indication that Flowers waived his right to a jury trial appears in the half-sheet entries for March 10; the transcript of the proceedings held that day is silent on the subject.

Although the March 10 entries contain the earliest references in the common law record to a jury waiver, the State believes that Flowers should have included in the record on appeal reports of the proceedings held in this cause on February 24 and March 3. The State believes that a valid jury waiver might have been made on those other occasions and therefore contends that regardless of the half-sheet entries for March 10, Flowers' failure to include in the record on appeal reports of the earlier proceedings is fatal.

The entries on the half-sheets indicate that the jury waiver was made, if at all, on March 10. The entries for the two earlier proceedings, occurring February 24 and March 3, are silent in this regard, and we reject the State's argument that Flowers was required to submit reports of those earlier proceedings. We conclude that,

for the purpose of resolving the question whether a valid jury waiver was made, Flowers preserved and presented to the appellate court a sufficiently complete record of the circuit court proceedings. The sufficiency of the record is borne out, incidentally, by the verbatim transcripts of the earlier proceedings, which Flowers was allowed to file in this court as a supplement to the record on appeal. According to the two transcripts, on February 24 Flowers appeared with counsel, bond was set, and defense counsel made a demand for trial; the cause was then continued until March 3, when it was passed at the State's request and not recalled on that day.

It is apparent from the record, then, that the requirements of an understanding waiver made in open court were not satisfied, and therefore the cause must be remanded for a new trial. See *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353; *People v. Montgomery* (1981), 96 Ill. App. 3d 994; *People v. Coleman* (1978), 59 Ill. App. 3d 1050.

Accordingly, in cause No. 59851, we reverse the judgment of the appellate court; as other issues were raised there but not decided, we remand the cause to that court for further proceedings. In cause No. 59911, we reverse the judgments of the appellate and circuit courts and remand the cause to the circuit court for a new trial.

*59851 — Judgment reversed;*
*cause remanded.*
*59911 — Judgments reversed;*
*cause remanded.*

JUSTICE MORAN, concurring in part and dissenting in part:

Over the years, this court has held that the circuit courts have an affirmative duty to establish that any jury waiver is made expressly and understandably. (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill.

2d 353, 355-56; *People v. Surgeon* (1958), 15 Ill. 2d 236, 238; *People v. Fisher* (1930), 340 Ill. 250, 265.) Moreover, the waiver of trial by jury may not be presumed from a silent record. (*Boykin v. Alabama* (1969), 395 U.S. 238, 243, 23 L. Ed. 2d 274, 279-80, 89 S. Ct. 1709, 1712.) In cause No. 59851 the record does not demonstrate even *prima facie* evidence of a valid jury waiver. For this reason I would affirm the appellate court's decision remanding the cause for a new trial.

The majority relies on the common law record sheet entry for December 7, 1982, which reads "Attorney Reck entered his appearance to be sent to Ottawa for Bench Trial before Judge Wimbiscus." This entry does not state that a jury waiver was made; it merely notes that a bench trial was set. There is no indication that any proceedings occurred on that date other than the attorney's formal appearance, nor is there any indication that the defendant was present. The Code of Criminal Procedure of 1963 makes it clear that the defendant must waive trial by jury in open court. (Ill. Rev. Stat. 1983, ch. 38, par. 103—6.) It is true that the court has given this statutory mandate a broad interpretation, finding a valid waiver when the defendant's attorney waived a jury trial in the defendant's presence. (*People v. Murrell* (1975), 60 Ill. 2d 287; *People v. Sailor* (1969), 43 Ill. 2d 256.) This court, however, has never held that counsel may waive trial by jury when the defendant is not present. In both *Murrell* and *Sailor* the waiver was made valid only by the *defendant's* behavior in standing by while his attorney waived a jury trial. (*People v. Murrell* (1975), 60 Ill. 2d 287, 290; *People v. Sailor* (1969), 43 Ill. 2d 256, 260-61.) In the present case the record entry for December 7, 1982, does not state that a waiver occurred at all, and there is nothing to indicate that the defendant was present, so the entry cannot establish a valid jury waiver.

The majority, however, holds not that a valid waiver occurred, but merely that the defendant has failed to provide a proper record on appeal. In support of this result the majority cites *People v. Edwards* (1978), 74 Ill. 2d 1, and *People v. Smith* (1969), 42 Ill. 2d 479. These cases, however, are not on point. In both *Edwards* and *Smith* the claimed error consisted of allegedly prejudicial closing argument statements made before the respective juries by the prosecutor. In *Smith* the defendant did not provide the reviewing court with any record of the offending statements, and in *Edwards* the record provided was insufficient to evaluate the context in which the offending remarks were made. Since the defendants in *Smith* and *Edwards* were claiming error based upon affirmative acts of misconduct, the court properly held that the defendants had failed to preserve a record of the claimed misconduct.

In the case at bar, however, the defendant does not allege affirmative misconduct but is instead arguing that the record omits a vital entry. Since jury waiver cannot be presumed from a silent record (*Boykin v. Alabama* (1969), 395 U.S. 238, 243, 23 L. Ed. 2d 274, 279-80, 89 S. Ct. 1709, 1712), a bench trial violates the defendant's rights unless the State can demonstrate a valid waiver. In other words, the burden of proving waiver is on the *State*; the *defendant* initially has no burden to prove a negative, *i.e.*, no jury waiver occurred. Of course, once the State comes forward with *prima facie* evidence of a jury waiver, then, but not until then, does the defendant have the burden of coming forward with a record sufficient to rebut that *prima facie* showing (see cause No. 59911).

This court has allowed the State considerable latitude in the type of evidence it will accept as a *prima facie* showing of jury waiver. In *People v. Hopping* (1975), 60 Ill. 2d 246, for example, it was held that a verbatim

transcript was not required to establish waiver as long as the common law record explicitly establishes a valid waiver. However, in *Hopping,* unlike the case at bar, the common law record was sufficient to establish all of the elements of a valid waiver. In one of the three consolidated appeals in *Hopping* the common law record included both a jury waiver form signed by the defendant and the following entry:

"[T]he Court fully explains to defendant his rights under the law, his right to counsel and his right to a jury trial if he so desires, and further explains to the defendant the consequence and penalties which will result from a plea of guilty ***." (60 Ill. 2d 246, 248.)

In the second consolidated appeal the common law record contained the following entry:

"[W]hereupon the said defendant, Bruce Lee Kline, is advised by the Court as to his rights and the possible consequences upon his said plea of guilty entered herein, and explains to him his full legal and constitutional rights in the premises, and his right to a trial by a jury and to require proof of the offense charged beyond all reasonable doubt, and to confront and cross-examine witnesses. Whereupon the said defendant, Bruce Lee Kline, waives his right to a trial by jury (which said waiver was filed on May 23, 1972). And the said defendant, Bruce L. Kline, still persisting in his said plea of guilty to the crime of possession of cannabis in manner and form charged in the Information, the said plea of guilty is now accepted by the Court as the final plea of said defendant, and so entered herein." (60 Ill. 2d 246, 249.)

In the third consolidated appeal the common law record contained the following entry:

"Defendant appears; advised of the charge pending against him, and his rights. Defendant waives counsel and jury trial and enters a plea of guilty to both counts of the Information. Court finds waiver of counsel, jury trial and plea of guilty are knowingly, understandably [*sic*] and voluntarily made. Court finds there is a factual basis for

the plea." 60 Ill. 2d 246, 250.

More recently, in *People v. Frey* (1984), 103 Ill. 2d 327, the court found a valid jury waiver even though the common law record contained no mention at all of a jury waiver. However, at a hearing on defendant's motion for a new trial the prosecutor testified that the "defendant was present on occasions when the matter of a bench trial was discussed, and at some point was advised of his right to trial by a jury or by the court." (103 Ill. 2d 327, 330.) This unrebutted testimony established the elements of a valid waiver, so the court held that the State had met its burden of demonstrating a valid waiver.

Finally, in *People v. Oatis* (1977), 47 Ill. App. 3d 229, cited approvingly by the majority, the common law record included a jury waiver signed by the defendant. The appellate court held that the signed waiver shifted the burden to the defendant to show why the signed waiver was not validly executed.

In cause No. 59851, however, there is no signed waiver, no testimony establishing a valid waiver, and no entry in the record establishing a valid waiver. The majority, however, presumes a valid waiver merely from the fact that on December 7, 1982, the defendant's attorney filed an appearance and the case was set for a bench trial. Today's decision effectively shifts from the State the burden of demonstrating a valid jury waiver and instead places upon the defendant the burden of proving that no waiver occurred. Such a ruling is in conflict with the United State's Supreme Court's ruling in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and our own rulings in *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, *People v. Surgeon* (1958), 15 Ill. 2d 236, and *People ex rel. Swanson v. Fisher* (1930), 340 Ill. 250. Therefore, I respectfully dissent in cause No. 59851.

In cause No. 59911, however, I concur in the result. The common law record in this cause clearly shows that the defendant was present in court on March 10, 1983, and a rubber-stamped record entry for that date reads "PLEA OF NOT GUILTY JURY WAIVED." I would agree with the majority that a record entry explicitly indicating a jury waiver at a time when the defendant was personally in court is sufficient to establish a *prima facie* showing of a valid jury waiver. I further agree that the defendant in cause No. 59911 effectively rebutted the *prima facie* showing by providing this court with the March 10, 1983, transcript of proceedings which revealed that, in fact, no jury waiver occurred on that date.

JUSTICE SIMON joins in this partial concurrence and partial dissent.