THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY R. SCOTT, Defendant-Appellant.

Fifth District    No. 5—95—0574

Opinion filed November 26, 1997.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kevin Kakac, State's Attorney, of Fairfield (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

After a bench trial, the defendant, Jerry R. Scott, was found guilty of driving under the influence of alcohol. Defendant was sentenced to two years' probation. On appeal, defendant argues that his conviction must be reversed because he did not waive his right to a jury trial in open court, where the only purported waiver was a document submitted to the court outside his presence and where neither the defendant nor his attorney was addressed upon the right of a trial by jury or the waiver of that right in defendant's presence.

■ In Illinois, there are two statutes that govern a criminal defendant's rights to receive or waive a trial by jury. Section 103—6 of the Code of Criminal Procedure of 1963 (Code) provides, in relevant part:

"Every person accused of an offense shall have the right to a trial by jury unless (i) understandingly waived by defendant in open court ***." 725 ILCS 5/103—6(i) (West 1992).

Section 115—1 of the Code provides for the method by which a defendant may waive his right to a jury trial.

"Method of Trial. All prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1992).

■ The State initially contends that defendant has waived the issue for appeal by failing to make any objection at trial and by failing to file any posttrial motion. Our supreme court recently addressed waiver where the issue is whether the failure to secure a written

jury waiver was reversible error. Our supreme court held that the waiver rule is one of administrative convenience and is not jurisdictional. *People v. Tooles*, 177 Ill. 2d 462, 465 (1997). Our supreme court declined to rule that in every case the failure to secure a written jury waiver warrants review under the plain error rule. *Tooles*, 177 Ill. 2d at 465. In *Tooles*, the supreme court noted that section 115—1's written jury waiver requirement does not impact a defendant's constitutional right to choose whether to have a jury trial, but the writing requirement merely memorializes the decision to exercise this right. *Tooles*, 177 Ill. 2d at 466. In the case at bar, this court is considering whether that right was knowingly and understandingly waived. Defendant cannot waive the admonishment of his right to a jury trial if he has not been advised in open court as to that right. A lack of a knowingly and understandingly entered waiver of a jury trial has constitutional ramifications. We will consider the merits of the issue. See *People v. Mueller*, 281 Ill. App. 3d 1, 3, 666 N.E.2d 915, 917 (1996).

The following document, filed on December 29, 1994, is contained in the record on appeal:

## "IN THE CIRCUIT COURT FOR THE 2D JUDICIAL CIRCUIT WAYNE COUNTY, ILLINOIS

**PEOPLE OF THE STATE OF ILLINOIS**
**VS.**                                                    94—TR—1937
**JERRY R. SCOTT**
**DEFENDANT**

### WAIVER OF JURY TRIAL

Now comes Jerry R. Scott and states:

1. I am of legal age and under no legal disability.

2. I am not under the influence of any legal or illegal drugs[ ] or alcoholic beverages at this time.

3. I am aware of my right to a jury trial in this cause.

4. After consultation with my court appointed attorney I have decided to waive my right to jury trial[ ] and have this matter decided in a bench trial.

5. This waiver is executed on December 15, 1994, in the office of David M. Williams, Attorney at Law, Fairfield, Illinois.

6. Attorney Williams has advised me that I have until the last Thursday of December[ ] 1994 to revoke this waiver of jury trial; on that date Attorney Williams intends to present this waiver to the judge.

7. I am fully aware of the legal consequences of this waiver.

Further I say not.

Dated: 12 15 94                    s/ Jerry R. Scott
                                   Jerry R. Scott

Executed before me this 15th day of December, 1994.

                                   s/ David M. Williams
                                   David M. Williams[.]"

On the same date the jury waiver was filed, the docket entry reads: "D.W. and S.A. present; jury setting of 1—9—95 vacated w/o objection[,] on file jury waiver."

On January 3, 1995, when the record indicates that defendant was not in open court, defense counsel stated: "We have waived our right to a jury trial. Ask that it be set for a bench trial."

Prior to the presentation of evidence at defendant's bench trial, the following colloquy occurred:

> "MR. WILLIAMS [defense counsel]: And we would proceed to the bench trial today.
>
> THE COURT: Okay. Defendant files motion to dismiss. State's Attorney given two weeks to file responsive pleading. Okay, we'll proceed to bench trial then?
>
> MR. WILLIAMS: Yes, Your Honor, the—the motion refers to two cases, People v. Krizek, K-R-I-Z-E-K and People v. Towns ***.
>
>                    * * *
>
> THE COURT: Okay, appreciate that, okay. We will then proceed with the bench trial. Mr. Vaughn [State's Attorney], you may proceed."

■■ Section 103—6 of the Code is plain on its face and contains two requirements for a valid waiver: (1) that it be in open court and (2) that it be understandingly made. *People v. Williams*, 125 Ill. App. 3d 284, 286, 465 N.E.2d 1044, 1045 (1984). A jury waiver, to be valid, must be knowingly and understandingly made. *People v. Frey*, 103 Ill. 2d 327, 332, 469 N.E.2d 195, 197 (1984). That determination cannot rest on any precise formula and necessarily turns on the facts and circumstances of each particular case. *Frey*, 103 Ill. 2d at 332, 469 N.E.2d at 197. In the case at bar, the jury waiver was filed outside of open court. The record on appeal does not reflect that "jury trial" was ever mentioned while defendant was present in open court. Even where the waiver had been filed outside of open court, there was more than adequate opportunity at the commencement of the bench trial to confirm it according to statute. *Williams*, 125 Ill. App. 3d at 287, 465 N.E.2d at 1046. Further, the record here is silent as to whether defendant was aware that proceeding to a bench trial meant foregoing a jury trial. The record shows that although defendant may have signed a jury waiver in his attorney's presence, there is no

evidence that he made a knowing and understanding jury waiver. See *People v. Hall*, 221 Ill. App. 3d 864, 867, 583 N.E.2d 54, 56 (1991). Defendant's case was up before the court, but the record never indicates whether defendant was ever personally admonished of his right to a jury trial. See *Hall*, 221 Ill. App. 3d at 867, 583 N.E.2d at 56. Neither *Tooles* nor *Mueller*, which dealt with the issue of the requirement of written jury waivers, changes the requirement that a knowing and understanding waiver of jury trial occur in open court. This court is unaware of an opinion by our supreme court in which waiver has been found by defendant's mere presence in court while a discussion occurs between the attorneys without full knowledge and understanding by defendant of what he is waiving. The waiver, not being executed or confirmed in open court, violates the statute. See *Williams*, 125 Ill. App. 3d at 287, 465 N.E.2d at 1046. It is apparent from the record that the requirements of an understanding waiver made in open court were not satisfied, and therefore the cause must be remanded for a new trial. See *People v. Smith*, 106 Ill. 2d 327, 337, 478 N.E.2d 357, 362 (1985).

In addition to arguing waiver, the State argues that the accused typically speaks and acts through his attorney and that courts of review have given effect to jury waivers made by defense counsel in defendant's presence where defendant gave no indication of any objection to the court hearing the case. See *Frey*, 103 Ill. 2d at 330, 469 N.E.2d at 196. The State relies on *Frey* in this case to argue that defendant acquiesced in his counsel's waiver of a jury trial. *Frey* is distinguishable from the case at bar, because in *Frey* the unrebutted testimony of the prosecutor at the hearing on defendant's posttrial motion was that "defendant was present on occasions when the matter of a bench trial was discussed, and *at some point was advised of his right to trial by a jury or by the court.*" (Emphasis added.) *Frey*, 103 Ill. 2d at 330, 469 N.E.2d at 196. In the case at bar, nothing in the record indicates that defendant was advised in open court of his right to a trial by jury or by the court.

The State further relies on *People v. Asselborn*, 278 Ill. App. 3d 960, 962, 664 N.E.2d 110 (1996), *leave to appeal pending*, in which the court asked in defendant's presence, "Jury waiver[—]Bench or jury?" and defense counsel responded, "It will be a bench trial[,] your Honor." Asselborn did not object. *Asselborn* is distinguishable for the same reason as *Frey* is distinguishable: defendant was not in open court when a jury trial was mentioned and waived.

246

For the foregoing reasons, the judgment of the circuit court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

KUEHN, P.J., and CHAPMAN, J., concur.