THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE HALL, Defendant-Appellant.

First District (1st Division)   No. 1—88—1653

Opinion filed November 4, 1991.

Randolph N. Stone, Public Defender, of Chicago (Millicent Willis, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter Hehner, and Lauren Ediden, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a bench trial, defendant Terrance Hall was convicted of robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—1) and sentenced to three years in the Illinois Department of Corrections. On appeal, defendant contends that he was not admonished of his right to a jury trial and his conviction should be reversed and the cause remanded for a new trial.

On December 4, 1987, defendant appeared before the court on a motion to reduce his bond, represented by Assistant Public Defender Alan Eckstein. At that time, his motion was granted. The case was then passed and recalled. Later in the day, codefendants Louis Ortiz, a/k/a Angel Ortiz, and Richard Renoldi were present in court and entered into agreements on the charges while represented by Martin Jordon. Renoldi pleaded guilty to burglary in exchange for four years' probation. Ortiz pleaded guilty to armed robbery and received three years in prison in addition to one day's probation for the offense of burglary. Prior to accepting these agreements, the trial court individually asked each codefendant if he understood what a jury is and if he understood that he was giving up his right to a jury as to these particular charges. Both codefendants admitted that they understood what rights they were giving up by pleading guilty. The record did not indicate whether defendant was present in the courtroom during the proceedings regarding these codefendants.

On January 12, 1988, defendant appeared before the court represented by Assistant Public Defender Andrew Sohn. At that time, the court granted defendant's request for a pretrial investigation (PTI) and the State tendered its answer to discovery. On February 10, 1988, defendant appeared before the court, represented by Alan Eckstein, and the court continued the matter to February 23, 1988.

On February 23, 1988, Eckstein, in the presence of defendant, represented to the court that by agreement the parties wanted to set a date for a bench trial. The half-sheet indicated "bench trial" and showed a continuance of the matter to March 24, 1988.

On March 24, 1988, Alan Eckstein specifically represented to the court in the presence of defendant that "the defendant wishes to have a trial in this case." The half-sheet indicated "bench" and the matter was continued to April 27, 1988.

On April 27, 1988, Alan Eckstein stated, "Terrance Hall is before the court represented by Alan Eckstein, Assistant Public Defender. I ask leave of Court to tender and execute a jury waiver by submitting this matter to the court for trial."

Then, defendant said:

"Your honor, I would like to be appointed to a bar association lawyer, because the Public Defender I had does not have the best of my interest in heart concerning my case, and after six or seven months of being incarcerated and fighting this here case during the rest of the day I was placed in the line up and I had no document saying I was—the victim says she could not identify me. And after seven months of being incarcerated, fighting this case, here it is in your courtroom and the victim is here to identify me when that's a violation of my Constitutional rights."

The court concluded:

"All right. The record will reflect that this matter was assigned to me November 30, 1987. It's been up before this Court since that date seven times. Your motion is denied. A plea of not guilty, jury waiver. Proceed. Any opening statements by the state?"

In the record is a jury waiver signed by defendant dated April 27, 1988, and the half-sheet notation indicating "jury waived" and dated April 27, 1988.

Defendant contends that there was nothing in the record to demonstrate that he understandingly waived his right to a trial by jury in open court because the record was devoid of an admonishment. Before addressing the merits of the issue, we first comment on the

State's contention that defendant waived his right to raise this issue because he did not raise the issue in a motion for a new trial. A reviewing court may consider defects affecting substantial rights although they were not brought to the attention of the trial court. (134 Ill. 2d R. 615(a); *People v. Smith* (1985), 106 Ill. 2d 327, 333, 478 N.E.2d 357, 360.) Therefore, we elect to review the validity of defendant's jury waiver.

It is generally understood that a jury waiver must be knowingly and understandingly made. (*Smith*, 106 Ill. 2d at 334, 478 N.E.2d at 360.) A determination cannot rest on any precise formula and necessarily turns on the facts and circumstances of each particular case. (*People v. Frey* (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195, 197.) Courts have routinely held that where the defendant's attorney expressly advised the court of defendant's choice to proceed by bench trial in defendant's presence without objection from defendant, a valid jury waiver may be found based on defendant's acquiescence. However, we do not believe that a defendant can be held to have acquiesced to his counsel's waiver made outside his presence. *People v. Clauson* (1989), 182 Ill. App. 3d 268, 274, 537 N.E.2d 1048, 1052.

The supreme court in *People v. Murrell* (1975), 60 Ill. 2d 287, 290, 326 N.E.2d 762, 764, stated:

> "In each of these cases now under consideration the waiver of the right to jury trial was not presumed, nor is the record silent on the question of waiver. *** The record is only silent as to the defendant's knowledge and intent."

Unlike *Murrell*, the record here is silent as to whether defendant was aware that proceeding to a bench trial meant foregoing a jury trial. The record shows that although defendant may have been present when counsel tendered his jury waiver, there is no evidence that he made a knowing and understanding jury waiver. Defendant's case was up before the court many times before trial, but the record never indicates whether defendant was ever personally admonished of his right to a jury trial.

Defendant was represented by various assistant public defenders during the course of this litigation, and there is no indication defendant ever understood the consequences of a jury waiver. When counsel submitted the written jury waiver, defendant voiced his objection to counsel representing him. Although he did not directly object to the written jury waiver, he expressed his grave concern about counsel representing his interests. The trial court at that point could have admonished defendant about his right to a jury trial, but the court did not. There is no evidence when, where or which assistant public de-

fender discussed the jury waiver issue with defendant. The right to a jury trial is a substantial right, and based upon the facts and circumstances here, we find that the trial court erred in proceeding with a bench trial. See *Clauson*, 182 Ill. App. 3d 268, 537 N.E.2d 1048.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

MANNING, P.J., and O'CONNOR, J., concur.