THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAMONT WATSON, Defendant-Appellant.

Third District No. 3—92—0910

Opinion filed July 7, 1993.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Following a bench trial, the defendant, Lamont Watson, was convicted of armed violence, unlawful possession of a controlled substance, and unlawful use of weapons. He was sentenced to six years' imprisonment. The defendant appeals.

The record reveals that the defendant's arraignment was held on September 11, 1990. At that time, he pled not guilty and asserted his right to a jury trial.

A pretrial hearing was held on March 3, 1992. At that hearing, the defendant was represented by counsel but was not present in person. Defense counsel stated, "What I'd like to do is set [case number] 565 for bench trial and we need to make the note to do the jury waiver of Mr. Watson the date that we set." The trial court then continued the cause for a bench trial, stating, "Somewhere in those minutes parenthetically in nice, capital letters get defendant's jury waiver before starting trial."

The trial was initially scheduled for May 12, 1992, but was rescheduled a number of times. The defendant was present at these reschedulings, at which time references were made to the defendant having a bench trial. A bench trial was eventually held on July 6, 1992. The defendant was found guilty and was sentenced to a six-year term of imprisonment.

On appeal, the defendant first argues that his convictions should be reversed and the cause remanded for a new trial because the record fails to establish that he knowingly waived his right to a jury trial. We agree and reverse.

We begin by noting that the defendant failed to raise this issue by objecting either at trial or in a post-trial motion. However, the right to a jury trial is a substantial right and should be considered even where it is not raised prior to appeal. 134 Ill. 2d R. 615(a); *People v. Hall* (1991), 221 Ill. App. 3d 864, 583 N.E.2d 54.

It is generally understood that a jury waiver must be knowingly and understandingly made. (*People v. Smith* (1985), 106 Ill. 2d 327, 478 N.E.2d 357.) A determination cannot rest on any precise formula and necessarily turns on the facts of each particular case. (*People v. Frey* (1984), 103 Ill. 2d 327, 469 N.E.2d 195.) A jury waiver may be valid if it is made by defense counsel in the presence of the defendant and the defendant does not object. (*People v. Clauson* (1989), 182 Ill. App. 3d 268, 537 N.E.2d 1048.) However, a defendant will not be deemed to acquiesce to a jury waiver his counsel made outside his presence. *People v. Hall* (1991), 221 Ill. App. 3d 864, 583 N.E.2d 54; *People v. Clauson* (1989), 182 Ill. App. 3d 268, 537 N.E.2d 1048.

The State argues that references to a bench trial which were made in the defendant's presence when the trial was rescheduled constituted a jury waiver. We disagree.

In the instant case, at the March 3, 1992, pretrial hearing at which the defendant was not present, defense counsel indicated that a bench trial was desired. At that time, defense counsel noted that the defendant's jury waiver would have to be obtained on the trial date. The trial court agreed that it would be necessary to obtain the defendant's jury waiver prior to trial. The cause later proceeded to trial, but the record contains no evidence that the defendant's waiver was ever obtained. Vague references to a bench trial at the rescheduling conferences were not sufficient to constitute a valid jury waiver, especially in light of the fact that the record is devoid of evidence suggesting that the defendant was ever apprised of his right to a jury trial. Under these circumstances, we are unable to say that the defendant waived his right to a jury trial.

Accordingly, we reverse and remand for a new trial based upon our finding that the record fails to establish that the defendant knowingly and understandingly waived his right to a jury trial. Because of our resolution of this issue, we do not reach the defendant's other contentions of error.

The judgment of the circuit court of Kankakee County is reversed and this cause is remanded.

Reversed and remanded.

McCUSKEY, P.J., and BARRY, J., concur.