No. 2--96--0465

IN THE 

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court 

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, ) No. 95--DT--1274

)

v. ) 

)

JOHN EYEN, ) Honorable 

) George J. Bakalis,

Defendant-Appellant. ) Judge, Presiding.

 

JUSTICE THOMAS delivered the opinion of the court:

Defendant, John Eyen, was charged by complaint with the offense of driving while under the influence of alcohol (625 ILCS 5/11--501 (West 1994)).  Following a bench trial, the trial court convicted defendant and sentenced him to one year of conditional discharge; 30 days in the county jail, subject to a motion to vacate; counseling; attendance at a victim impact panel; and a fine of $300.  On appeal, defendant argues that we must reverse his conviction because (1) the trial court did not obtain a proper waiver of defendant's right to a jury trial; and (2) the State failed to establish defendant's guilt beyond a reasonable doubt.  We reverse and remand.  

We will consider the jury waiver issue first.  Defendant argues that he never executed a written jury waiver and that the absence of a written jury waiver mandates a reversal of his conviction.  The State concedes that defendant did not execute a written jury waiver.  The State argues, however, that the absence of a written jury waiver constitutes harmless error.

On December 13, 1995, the prosecutor and an unidentified attorney representing defendant appeared before the trial court for a pretrial hearing.  The report of proceedings reveals that defendant was not present on this date.  During this hearing, the unidentified attorney suggested a trial date of late February and requested a bench trial.  The trial court set the matter for a bench trial on February 29, 1996.

On February 29, 1996, the matter came up for the bench trial.  The report of proceedings shows that defendant was present on this date.  Prior to the bench trial commencing, and while defendant was present, the following exchange occurred:

"THE COURT:  On Eyen, are you ready, State?

MR. ELWARD [Assistant State's Attorney]:  Yes, we are ready.

THE COURT:  Mr. Lynch, are you ready?

Mr. LYNCH [Defense Counsel]: Ready, Judge, yes."

The trial court then invited the prosecutor to call his first witness, and a bench trial commenced.

On April 10, 1996, the parties appeared before the trial court on defendant's motion to reconsider verdict or in the alternative motion for a new trial.  The motion argued in part that the trial court had not obtained a valid jury waiver from defendant.  The trial court denied the motion and sentenced defendant.  Following sentencing, the trial court noticed that the file did not contain a written jury waiver.  The trial court asked defense counsel whether defendant would be willing to sign a jury waiver that day.  Defense counsel responded that there was no waiver of the jury in this case and that defendant was not willing to sign a waiver.

The record otherwise indicates that the trial court neither admonished the defendant as to his right to a jury trial nor confirmed in defendant's presence that defendant had waived his right to a jury trial.

The accused in a criminal proceeding has a constitutional right to a jury trial (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§8, 13).  In order to waive his or her right to a jury trial, the accused must understandingly waive the right in open court (725 ILCS 5/103--6 (West 1994)), and such waiver must be in writing (725 ILCS 5/115--1 (West 1994)).  Notwithstanding the foregoing, the absence of a written jury waiver may constitute harmless error where the record demonstrates that the accused made a knowing and understanding oral waiver of his right to a jury trial in open court.  
People v. Silas
, 278 Ill. App. 3d 400, 403 (1996).

Whether the accused knowingly and understandingly waives his right to a jury trial does not rest on a precise formula but rather turns on the facts and circumstances of each particular case.  
People v. Frey
, 103 Ill. 2d 327, 332 (1984).  A knowing and understanding oral waiver can be found where, in the accused's presence and without objection from the accused, defense counsel expressly advises the court of the accused's desire to proceed by a bench trial.  
People v. Smith
, 106 Ill. 2d 327, 334 (1985).  However, the accused will not be deemed to have acquiesced in a jury waiver made by his counsel outside of the accused's presence.  
People v. Watson
, 246 Ill. App. 3d 548, 549 (1993).

In the present case, the record fails to demonstrate that defendant made a knowing and understanding oral waiver of his right to a jury trial in open court.  The record reveals only one occasion when the issue of jury waiver was discussed in defendant's presence.  On April 10, 1996, following the sentencing of defendant, the trial court noted that the record did not contain a written jury waiver.  The trial court then asked defense counsel whether defendant would be willing to execute a written jury waiver.  Defendant's counsel responded that there was no waiver of the jury in this case.  Thus, the only discussion relating to defendant's right to a jury trial for which defendant was present occurred six weeks after the conclusion of defendant's bench trial.  Moreover, during such discussion, defendant's counsel insisted that defendant did 
not
 waive his right to a jury trial.  Under these circumstances, we cannot conclude that defendant made a knowing and understanding oral waiver of his right to a jury trial in open court.

The State argues that, although defendant did not make a knowing and understanding oral waiver of his right to a jury trial in open court, defendant should be deemed to have acquiesced in and therefore to be bound by the actions of his counsel.  In particular, the State points to (1) the December 13, 1995, status hearing at which defense counsel requested a bench trial; and (2) the February 29, 1996, bench trial at which defense counsel answered ready and in which defense counsel participated willingly.   In support of its argument, the State relies upon 
People v. Asselborn
, 278 Ill. App. 3d 960 (1996), and 
People v. Sailor
, 43 Ill. 2d 256 (1969).  In 
Asselborn
, as in the present case, defense counsel specifically requested a bench trial, the defendant did not execute a written jury waiver, and the trial court did not admonish the defendant regarding his right to a jury trial.  
Asselborn
, 278 Ill. App. 3d at 962.  Similarly, in 
Sailor
, defense counsel expressly waived a jury trial, and the trial court did not admonish the defendant as to his right to a jury trial.  
Sailor
, 43 Ill. 2d at 260.  In both cases, the reviewing court determined that the defendant was bound by the acts of his counsel and therefore waived his right to a jury trial.  
Asselborn
, 278 Ill. App. 3d at 962-63; 
Sailor
, 43 Ill. 2d at 260.  In addition, in 
Asselborn
, the court specifically held that, under the facts and circumstances of that case, the absence of a written jury waiver did not mandate a reversal of the defendant's conviction.  
Asselborn
, 278 Ill. App. 3d at 963.

The State's reliance upon 
Asselborn
 and 
Sailor
 is misplaced.  In both cases
, the defendant was present in open court when defense counsel expressly waived the defendant's right to a jury trial.  
Asselborn
, 278 Ill. App. 3d at 962; 
Sailor
, 43 Ill. 2d at 260.  In 
Asselborn
, the report of proceedings indicated that, at the commencement of trial and while the defendant was present, defense counsel specifically requested a bench trial.  
Asselborn
, 278 Ill. App. 3d at 962.  Similarly, in 
Sailor
, the report of proceedings indicated that, at the commencement of trial and while the defendant was present, defense counsel expressly advised the court that a jury was waived.  
Sailor
, 43 Ill. 2d at 260.  In neither case did the defendant object to defense counsel's waiver of a jury.  
Asselborn
, 278 Ill. App. 3d at 962; 
Sailor
, 43 Ill. 2d at 260.  Accordingly, both defendants were deemed to have acquiesced in the conduct of their counsel.  
Asselborn
, 278 Ill. App. 3d at 962-63; 
Sailor
, 43 Ill. 2d at 260-61.

Unlike 
Asselborn
 and 
Sailor
, the report of proceedings in the present case indicates that defendant was not present for the December 13, 1995, pretrial hearing at which his counsel specifically requested a bench trial.  Thus, we cannot deem defendant to have acquiesced in the conduct of his counsel during that hearing.  
Watson
, 246 Ill. App. 3d at 549.

In addition, unlike 
Asselborn
 and 
Sailor
, defense counsel in the present case did not expressly waive defendant's right to a jury trial in defendant's presence on the day of trial.  On the contrary, the report of proceedings indicates that, on the day of trial, neither defendant's counsel nor the trial court made any mention of whether the trial would proceed by jury or by bench.  Rather, the trial court simply asked whether both sides were ready.  Under these circumstances, where nothing is stated in defendant's presence to suggest that defendant has an option between a bench trial and a jury trial, we cannot deem defendant to have acquiesced knowingly in his counsel's participation in a bench trial.

Finally, the State argues that, although the report of proceedings for the December 13, 1995, pretrial hearing indicates that defendant was not present, the existence of errors elsewhere in the record precludes us from concluding that defendant was not present on December 13, 1995.  The State cannot attempt to rewrite the record through argument.  
People v. Stokes
, 281 Ill. App. 3d 972, 977 (1996).  If the State believes that the report of proceedings for December 13, 1995, is inaccurate and that defendant was present at the pretrial hearing, Supreme Court Rule 329 (134 Ill. 2d R. 329) affords the State a procedure for correcting the record.  The State has not availed itself of this procedure.  Thus, we shall take the record on appeal as true and correct.  134 Ill. 2d R. 329; 
Stokes
, 281 Ill. App. 3d at 977.   

In sum, because the record shows that defendant neither executed a written jury waiver nor made a knowing and understanding oral waiver of his right to a jury trial, we conclude that defendant has not waived his right to a jury trial.  Accordingly, we reverse defendant's conviction and remand the cause for a new trial.

Defendant's second argument is that the State failed to prove defendant's guilt beyond a reasonable doubt.  Under the mandate of 
People v. Taylor
, 76 Ill. 2d 289 (1979), this court must consider defendant's challenge to the sufficiency of the evidence in order to avoid the risk of subjecting him to double jeopardy.  
76 Ill. 2d at 309.

On April 8, 1995, at approximately 1 a.m., Officer Douglas Olsen of the Village of Addison police department noticed defendant pushing his car northbound on Sable near the intersection of Itasca and Sable in Addison, Illinois.  Defendant was pushing the car from the driver's side with the driver's door open.  No other passengers were in defendant's car, and no other people were in the area.  When he approached defendant, Officer Olsen observed that defendant had glassy, watery eyes; had trouble standing; was wobbling and swaying; and projected a strong odor of alcohol.  On the basis of defendant's condition, Officer Olsen concluded that defendant was intoxicated.

Officer Olsen also observed that defendant's car was missing its front license plate and that the car's front bumper and hood were damaged.  Officer Olsen asked defendant whether defendant had been driving the vehicle, and defendant responded, "No, I don't drive drunk."  Defendant added that someone else had been driving the car, but defendant was unable to provide Officer Olsen with this other person's name.  After observing a large amount of oil leaking from defendant's car, Officer Olsen looked under the car and found extensive damage to the car's undercarriage.  Officer Olsen asked defendant whether defendant's engine had locked up, and defendant responded, "No, I shut it off." 

After placing defendant under arrest, Officer Olsen searched defendant and found a set of car keys in the front right pocket of defendant's pants.  Officer Olsen testified that the keys fit in the ignition of defendant's car and turned the car over.  In addition, Officer Olsen testified that defendant's car has an automatic transmission and could be pushed only if the gear shift was in neutral.  After attempting to operate the gear shift on defendant's car, Officer Olsen determined that defendant's car could not be placed in neutral unless the key was in the ignition and that the key could not be removed from the ignition if the car was still in neutral.  On cross-examination, Officer Olsen testified that he never saw defendant actually driving the car. 

Officer James Kaplan of the Village of Addison police department responded to the scene shortly after Officer Olsen's arrival.  Officer Kaplan testified that defendant was swaying back and forth, had glassy and bloodshot eyes, was slurring his speech, and possessed a strong odor of alcohol on his breath.  Officer Kaplan spoke briefly with defendant at the scene, and defendant again insisted that someone else had been driving the car.  This time, defendant identified this other driver as Steve Smith.  Defendant was unable, however, to provide Officer Kaplan with an address or phone number for Mr. Smith.  On cross-examination, Officer Kaplan testified that he never saw defendant actually driving the car. 

Defendant neither testified at trial nor called any witnesses on his behalf.      

Defendant argues that his conviction of driving while under the influence of alcohol is not supported by the evidence.  In particular, defendant argues that the State failed to prove beyond a reasonable doubt that defendant was driving his car.  Defendant does not challenge the trial court's finding that defendant was intoxicated.

A conviction must be based upon proof beyond a reasonable doubt.  
People v. Miller
, 284 Ill. App. 3d 16, 24 (1996).  The reviewing court's duty is not to ask itself whether it believes that the evidence establishes the defendant's guilt.  
Miller
, 284 Ill. App. 3d at 24.  Rather, the reviewing court's duty is to ask whether the evidence viewed in a light most favorable to the prosecution would allow any rational trier of fact to find the essential elements of the crime proved beyond a reasonable doubt.  
Miller
, 284 Ill. App. 3d at 24.  The reversal of a conviction is required only where the defendant can show that the evidence is so unsatisfactory or improbable as to create a reasonable doubt of the defendant's guilt.  
Miller
, 284 Ill. App. 3d at 24.

The trial court convicted defendant of the offense of driving while under the influence of alcohol (625 ILCS 5/11--501 (West 1994)).  Section 11--501 of the Illinois Vehicle Code provides in pertinent part that a person shall not drive or be in actual physical control of any vehicle while the alcohol concentration of his or her blood is 
0.10 or more or while the person is under the influence of alcohol.  625 ILCS 5/11--501(a)(1), (a)(2)(West 1994).  Whether the defendant was in actual physical control of the vehicle is a question of fact.  
People v. Scapes
, 247 Ill. App. 3d 848, 850-51 (1993).  

The Illinois Supreme Court has held recently that a person need not drive in order to be in actual physical control of a vehicle.  
City of Naperville v. Watson
, 175 Ill. 2d 399, 402 (1997).  Likewise, the person's intent to put the vehicle in motion is irrelevant to the determination of actual physical control.  
Watson
, 175 Ill. 2d at 402.  Instead, actual physical control is to be determined on a case-by-case basis giving consideration to factors such as whether the motorist is positioned in the vehicle's driver's seat, has possession of the ignition key, and has the physical capability of starting the engine and moving the vehicle.  
Watson
, 175 Ill. 2d at 402.  

Although it is one factor to be considered, the presence of the motorist in the driver's seat is not an essential ingredient to a finding of actual physical control. 
People v. Davis
, 205 Ill. App. 3d 431, 436 (1990).  In 
Davis
, the court held that the evidence supported a finding of actual physical control where the police discovered the defendant asleep inside a zipped sleeping bag in the backseat of the car.  205 Ill. App. 3d at 437.  In reaching that conclusion, the court in 
Davis
 explained that the defendant's location in the backseat in no way makes him harmless because he could in an instant get back into the driver's seat.  205 Ill. App. 3d at 437.

In the present case, Officer Olsen testified that defendant was pushing his car by hand along the roadway, that defendant could not push the car unless it was in neutral, and that defendant's car could not be in neutral unless the keys were in the ignition.  In addition, Officer Olsen testified that he found the ignition key to defendant's car in the front pocket of defendant's pants.  Most importantly, defendant admitted that he had shut off the car's engine.  The trial court would not be irrational in concluding, based on these premises, that defendant was in possession of the ignition key, that the key was in the ignition when defendant was pushing his car along the road, and that defendant was physically capable of starting the engine and moving the vehicle.  Thus, under 
Watson
, the trial court would not be irrational in concluding that defendant was in actual physical control of his vehicle.  
Watson
, 175 Ill. 2d at 402. 

The fact that defendant in the present case was not in the driver's seat is of no consequence.  The evidence shows that, like the defendant in 
Davis
, defendant in the present case had physical control of the car, had the keys in the ignition, and could in an instant move into the driver's seat.  
Davis
, 205 Ill. App. 3d at 437.  Accordingly, like the defendant in 
Davis
, defendant in the present case was not rendered harmless by virtue of his absence from the driver's seat.  Indeed, the trip to the front seat in the present case is a much easier trip than in 
Davis
.  In 
Davis
, to enter the driver's seat, the defendant was required to (1) wake up, (2) negotiate the zipper from inside a sealed sleeping bag, and (3) move from the backseat to the front seat by straddling the console between the two front bucket seats.  
Davis
, 205 Ill. App. 3d at 437.  Here, defendant need only sit down.

Finally, we must emphasize that actual physical control is a concept distinct from driving.  The Appellate Court, First District, has noted that, if a person is shown to be operating a vehicle, that person is also, by virtue of operating the vehicle, exerting actual physical control over the vehicle.  
People v. Niemiro
, 256 Ill. App. 3d 904, 909 (1993).  The opposite, however, is not always true.  
Niemiro
, 256 Ill. App. 3d at 909.  A person who is shown to be exerting actual physical control over a vehicle need not be shown to have been operating the vehicle, but only that he or she had the capability or potential to do so.  
Niemiro
, 256 Ill. App. 3d at 909.  Given this dichotomy, it is difficult to imagine a person possessing greater physical control than defendant who moved his vehicle along the road by hand with the driver's door open and the keys in the ignition.  Anything more and defendant would have graduated from actual physical control to actual driving.    

Based on the foregoing and reviewing the evidence in the light most favorable to the prosecution, we conclude that the evidence supports a finding that defendant was in actual physical control and thus that defendant was driving while under the influence of alcohol (625 ILCS 5/11--501 (West 1994)).  This conclusion does not in any way imply that we have made a determination of defendant's guilt or innocence which would be binding on retrial.  
Taylor
, 76 Ill. 2d at 310.  We have considered the sufficiency of the evidence solely to remove the risk of subjecting defendant to double jeopardy.  
People v. Nuccio
, 263 Ill. App. 3d 315, 318 (1994).

Defendant raises two additional arguments which we can dispose of easily.  First, defendant argues that the State offered no evidence to show that defendant ever drove the car on the night in question.  Second, defendant argues that the trial court inverted the burden of proof because, while rendering its verdict, the trial court observed that "[t]he defendant was unable to give any information regarding who Steven Smith was or who was the purported driver of this vehicle."  Both of these arguments are without merit because both relate to whether defendant drove the car.  Again, under Illinois law, a defendant need not drive in order to be convicted of driving while under the influence.  
Watson
, 175 Ill. 2d at 402.  Rather, a defendant must either drive or be in actual physical control of a vehicle.  625 ILCS 5/11--501(a)(1), (a)(2)(West 1994).  As discussed above, there is ample evidence in the present case to support a finding that defendant was in actual physical control of his car when he was pushing it along the road.  Thus, whether defendant actually drove the car on the night in question is irrelevant.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial consistent with this opinion.  

Reversed and remanded.

COLWELL and RATHJE, JJ., concur.