SECOND DIVISION
August 15, 2006

No. 1-04-3410

THE PEOPLE OF THE STATE OF ILLINOIS,   )    Appeal from the
        )     Circuit Court of
        Plaintiff-Appellee,      )    Cook County.
        )
    v.        )
        )
JOSE RUIZ,        )    Honorable
        )     Sharon Sullivan,
        Defendant-Appellant.    )    Judge Presiding.

JUSTICE SOUTH delivered the opinion of the court:

Following a bench trial, defendant Jose Ruiz was convicted of burglary and sentenced as a Class X offender to 11 years' imprisonment. On appeal, defendant asserts that the record does not establish a valid jury waiver. Defendant also contends that the compulsory extraction and perpetual storage of his DNA pursuant to section 5-4-3 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-3 (West 2004)) violates his constitutional right to be free from unreasonable searches and seizures. We reverse and remand for a new trial.

The record contains defendant's signed jury waiver, filed October 8, 2004, which was the day of defendant's bench trial. Briefly stated, the following evidence was presented at defendant's trial. Stephen Pierson testified that about 2:38 p.m. on September 14, 2003, he was working in his garage when he saw defendant walking in a nearby alley. Pierson observed defendant open a partially closed door of a neighboring garage located at 2323 North Jansen Avenue. After Pierson saw defendant enter the garage, Pierson walked toward defendant's location. Pierson encountered defendant outside the garage and saw defendant attempting to pull a lock off a bike. Ultimately, defendant ran away from Pierson. Pierson pursued defendant, stopped him, and restrained him until police officers arrived.

Anna Veluz, the owner of the stolen bike, testified that on September 14, 2003, she lived at 2323 North Jansen Avenue. Veluz testified that she stored her bike inside her garage and kept her bike locked during storage. Veluz did not know defendant and never gave him permission to enter her garage or remove her bike from the garage.

Defendant testified that he was 57 years old and conceded being in the alley, but denied stealing the bike. According to defendant, he was collecting cans when Pierson told him to stop. Defendant continued to walk through the alley and later stopped to urinate by a garage that had an opened door. After defendant finished, Pierson approached defendant, hit him, called him racial slurs, and knocked him to the ground. Shortly thereafter, police officers arrived and arrested defendant.

The trial court found defendant guilty of burglary. The court sentenced defendant

as a Class X offender to 11 years' imprisonment and ordered an extraction of defendant's DNA pursuant to section 5-4-3 of the Code.

On appeal, defendant contends that he was denied his right to a jury trial when the trial court proceeded with a bench trial without obtaining a valid jury waiver. Defendant observes that the record does not include any statement in open court from defendant or his counsel regarding the waiver.

Initially, we reject the State's assertion that defendant waived this issue by failing to object at trial or file a post-trial motion and that defendant's claim is not subject to plain error review. The issue of a defendant's waiver of his fundamental right to a jury trial is a matter that we may consider under the plain error rule, despite a defendant's failure to properly preserve that issue. People v. Bracey, 213 Ill. 2d 265, 270 (2004).

An individual's right to a trial by jury is a fundamental constitutional right. Bracey, 213 Ill. 2d at 269. Although a defendant may waive his right to a jury, in order for that waiver to be valid, it must be made understandingly. Bracey, 213 Ill. 2d at 269; People v. Scott, 186 Ill. 2d 283, 285 (1999). This principle has been codified in section 103-6 of the Code of Criminal Procedure of 1963, which provides, in pertinent part that "[e]very person accused of an offense shall have the right to a trial by jury unless *** understandingly waived by defendant in open court." 725 ILCS 5/103-6 (West 2004).

A reviewing court's determination of the validity of a jury waiver is not subject to a precise formula, but instead depends upon the particular facts and circumstances of each case. Bracey, 213 Ill. 2d at 269. Generally, we will find valid a jury waiver made

by defense counsel in defendant's presence in open court, without objection by defendant. Bracey, 213 Ill. 2d at 270. Where, as here, the relevant facts are not in dispute, we review *de novo* the issue of whether a defendant waived his right to a jury trial because it is a question of law. Bracey, 213 Ill. 2d at 270.

The State argues that the record establishes that defendant knowingly waived his right to a jury because defendant signed a jury waiver, his trial counsel referenced a bench trial in open court, defendant did not object to the trial court's statement regarding defendant's signed jury waiver, and defendant has a criminal history. To support this position, the State directs our attention to the following two colloquies in the record.

First, in a pretrial proceeding on September 3, 2004, the following discussion occurred, in its entirety, as follows:

> "MR. KIRSCHBAUM [Defense counsel]: This is [defendant]. I filed an answer to People's motion for pretrial discovery. We would seek your Honor to set this for a bench trial. I would suggest to the Court a bench trial date of October 7.
>
> THE COURT: Apparently there won't be any State's Attorneys here that day.
>
> MR. KIRSCHBAUM: October 5 or 6.
>
> THE COURT: We have three things set. How about the 8th?

MR. KIRSCHBAUM: That's okay.

THE COURT: [Defendant], 10/8, with [*sic*] for trial."

Second, on October 8, 2004, immediately preceding defendant's bench trial, the following exchange occurred, in pertinent part as follows:

"THE CLERK: [Defendant].

THE COURT: This case is set for trial.

MR. KIRSCHBAUM: Yes, Judge, we're going to be ready. I understand the State is ready. I just need about [five] or ten minutes and I'll be ready to start.

THE COURT: All right. How many witnesses is the State looking at?

MR. ALBANESE [Assistant State's Attorney]: Three.

THE COURT: I'm ready to go so as soon as you're ready. Let me know and we'll start. [Defendant] is before the Court. Both sides are ready for trial?

MR. ALBANESE: Yes, Judge.

THE COURT: Defendant has signed a jury waiver. It's been tendered to the Court. Any preliminary matters?

MR. ALBANESE: Motion to exclude.

MR. KIRSCHBAUM: Motion to exclude witnesses.

THE COURT: Motion is granted."

1-04-3410

We find that these two instances do not support a finding that defendant's jury waiver was discussed in open court as required. Most significantly, the transcript of proceedings reveals that there was no discussion of defendant's waiver of his right to a jury. Instead, the record reveals only that defendant's trial counsel scheduled a bench trial in September 2004 and the trial court referenced defendant's signed jury waiver immediately before proceeding to the bench trial. Contrary to the State's assertions, these two instances are insufficient to constitute a discussion of defendant's waiver of his right to a jury trial in open court.

Furthermore, although defendant signed a jury waiver, the existence of a written jury waiver is not dispositive of the issue of whether that waiver is valid. Bracey, 213 Ill. 2d at 269-70; Scott, 186 Ill. 2d at 284 (holding that written jury waivers alone cannot validly waive a defendant's right to a jury trial). In this case, where there was no discussion in open court of the issue of defendant's jury waiver, we cannot conclude that defendant validly waived his right to a jury trial. As our supreme court recognized in Bracey, "'[w]e have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed.'" Bracey, 213 Ill. 2d at 270, quoting Scott, 186 Ill. 2d at 285. Accordingly, we find that defendant did not validly waive his right to a jury trial and we therefore reverse his conviction.

The State's reliance on People v. Frey, 103 Ill. 2d 327 (1984), is misplaced. Notably, in Frey, unlike here, the supreme court observed that it was apparent from the

- 6 -

record in that case that "defendant was aware of his right to a jury trial and was present at some point prior to trial when the jury waiver was discussed." Frey, 103 Ill. 2d at 333. Here, the record supports no such conclusion.

Last, we reject defendant's constitutional challenge to section 5-4-3 of the Code regarding DNA extraction because our supreme court recently upheld the constitutionality of section 5-4-3 in People v. Garvin, 219 Ill. 2d 104, 125 (2006).

For the foregoing reasons, we reverse the judgment of the circuit court and remand for a new trial. Double jeopardy does not prohibit a new trial because the trial evidence was sufficient to support defendant's conviction for burglary. People v. Washington, 363 Ill. App. 3d 13, 27 (2006), citing People v. Olivera, 164 Ill. 2d 382, 393 (1995).

Reversed and remanded.

GARCIA, P.J., and WOLFSON, J., concur.