# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2019 IL App (1st) 162517

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CEDRIC JOHNSON, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-16-2517 |
| Filed | March 26, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CR-11076; the Hon. Kevin M. Sheehan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Kathryn L. Oberer, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PUCINSKI delivered the judgment of the court, with opinion.<br>Justices Lavin and Hyman concurred in the judgment and opinion. |

¶ 1 Following a bench trial, defendant Cedric Johnson was found guilty of armed violence, possession of heroin with the intent to deliver, and the unauthorized use or possession of a weapon by a felon. The trial court merged the unauthorized use or possession of a weapon by a felon count into the armed violence count and sentenced defendant to 15 years in prison for armed violence. The court also sentenced defendant to a consecutive nine-year sentence for possession of heroin with the intent to deliver. On appeal, defendant contends that this cause should be remanded for a new trial when he did not waive his right to a jury in open court. He further contends that he was not proven guilty of armed violence beyond a reasonable doubt when the State failed to establish that he had access to a weapon when there was an immediate potential for violence. Defendant next contends that the cause must be remanded for a new trial when he was deprived of his right to a fair trial before an unbiased trier of fact. He finally contends that his mittimus must be corrected. For the following reasons, we reverse defendant's convictions and remand for a new trial.

¶ 2                                    BACKGROUND

¶ 3 Defendant was charged with armed violence (720 ILCS 5/33A-2(a) (West 2014)), possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(1)(B) (West 2014)), and the unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2014)), following his June 14, 2015, arrest.

¶ 4 The record reveals that defendant was initially represented by the Office of the Cook County Public Defender. At a later court date, the assistant public defender was given leave to withdraw, and private counsel entered his appearance. On January 6, 2016, defense counsel informed the court that the State made a plea offer to defendant, which defendant rejected. After the court discussed defendant's decision to reject the plea with defendant, the court asked for a trial date and "what kind of trial." Defense counsel answered "[b]ench indicated." On March 2, 2016, the court noted that defendant had rejected the State's offer and asked defense counsel what kind of trial was indicated. Defense counsel answered "bench." The cause was continued "for bench indicated." On June 1, 2016, defense counsel again informed the court that the case was "set for [a] bench" trial.

¶ 5 On July 21, 2016, the court stated that the case "was set for bench today." The case was then passed. When the case was recalled, the court stated that the parties "answered ready for a bench trial in this matter." Defendant's signed jury waiver is contained in the record on appeal, and the "Criminal Disposition Sheet" indicates "waiver taken."

¶ 6 Chicago police officer Robert Ontiveros testified that on the afternoon of June 14, 2015, he and his partner, Officer Verdin, were part of a team conducting narcotics surveillance of the west gangway at 3511 West Lexington in Chicago. He observed defendant, who was carrying a black bag, enter the gangway. Defendant then "made like a throwing motion" and tossed the bag onto a concrete ledge. Ontiveros next observed defendant reach into his waistband and pull out a handgun. Defendant lifted himself up and "placed the handgun on the ledge or over the ledge." Defendant then exited the gangway and walked away. Ontiveros observed Verdin recover the items. During cross-examination, Ontiveros admitted that the reports he authored erroneously indicated that this event took place in the east gangway. He realized the mistake "the last time he came to court" but did not write a report to correct it.

¶ 7    Chicago police officer Verdin testified that he recovered a black bag and a handgun.[1] Inside the black bag were two bags containing "numerous" other bags, which, in turn, held 336 Ziploc bags containing suspect heroin. He watched other officers inventory these items.

¶ 8    The State then entered a certified copy of defendant's conviction for retail theft in case 13 C6 6138001. The parties also stipulated that forensic chemist Vernetta Watson would testify that tests upon 203 of the 336 Ziploc bags revealed a weight of 100.1 grams and the presence of heroin and that the total estimated weight of all 336 items was 165.7 grams.

¶ 9    The State rested, and the defense made a motion for a directed finding, which the trial court denied. Defendant rested without presenting evidence. In finding defendant guilty, the trial court noted that, during cross-examination, defense counsel "brought out some impeachment in the report about east versus west." However, the court found "as a matter of law that that was collateral in this case and will not affect the Court's decision," noting that "the officer owned up, said it was a mistake" and finding the officers "inherently credible." The court therefore found defendant guilty of armed violence, possession of heroin with the intent to deliver, and the unlawful use or possession of a weapon by a felon. Defendant filed a motion for a new trial, which the court denied. The trial court merged the unlawful use or possession of a weapon count into the armed violence count and sentenced defendant to 15 years in prison for armed violence. The court also sentenced defendant to a consecutive nine-year sentence for possession of heroin with the intent to deliver.

¶ 10                                        ANALYSIS

¶ 11    On appeal, defendant contends that this cause should be remanded for a new trial because he did not waive his right to a jury in open court. Defendant acknowledges that he failed to preserve the error because he neither objected before the trial court nor raised the issue in his posttrial motion. However, he argues that this court may reach this unpreserved error under the second prong of the plain error doctrine.

¶ 12    The plain error doctrine permits a reviewing court to consider unpreserved errors when " '(1) the evidence in a criminal case is closely balanced or (2) where the error is so fundamental and of such magnitude that the accused was denied a right to a fair trial.' " *People v. Harvey*, 211 Ill. 2d 368, 387 (2004) (quoting *People v. Byron*, 164 Ill. 2d 279, 293 (1995)). "Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule." *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). The first step in plain error analysis is to determine whether a plain or obvious error occurred. *People v. Herron*, 215 Ill. 2d 167, 187 (2005). "Absent reversible error, there can be no plain error." *People v. Naylor*, 229 Ill. 2d 584, 602 (2008).

¶ 13    The right to a jury trial is a fundamental right guaranteed by our federal and state constitutions. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008). Although the right to a jury trial is fundamental, a defendant remains free to waive that right. *Bracey*, 213 Ill. 2d at 269. Any such waiver must be "understandingly" made by the defendant in open court. 725 ILCS 5/103-6 (West 2014). A written waiver as required by section 115-1 of the Code of Criminal Procedure of 1963 (Code) (*id.* § 115-1), is one means of establishing a defendant's intent, although not dispositive of a valid waiver. *Bracey*, 213 Ill. 2d at 269-70.

---

[1]The report of proceedings does not contain Verdin's first name.

¶ 14 Generally, a jury waiver is valid if it is made by defense counsel in open court in the defendant's presence, without objection by the defendant. *Id.* at 270. "For a waiver to be effective, the court need not impart to defendant any set admonition or advice." *Id.* (citing *People v. Smith*, 106 Ill. 2d 327, 334 (1985)). Therefore, "the effectiveness of a defendant's waiver depends on the facts and circumstances of each particular case" and turns on "whether the waiving defendant understood that his case would be decided by a judge and not a jury." See *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7 (citing *Bannister*, 232 Ill. 2d at 66, 69). A reviewing court can consider a defendant's silence when his attorney "requests a bench trial" as well as his "prior interactions with the justice system in determining whether a jury waiver was made knowingly." *Id.* Because the facts here are not in dispute, we determine *de novo* whether defendant's jury waiver was valid. See *Bannister*, 232 Ill. 2d at 66.

¶ 15 On the facts of this case, we agree with defendant that the record does not show he understandingly waived his right to a jury trial or that the trial court admonished defendant of his right to a jury trial. Although the record contains defendant's signed jury waiver, the record contains nothing that shows defendant was informed he was entitled to choose between a jury or bench trial or that he waived his right to a jury trial on the record. In other words, there is no indication in the record that defendant "understandingly waived" (725 ILCS 5/103-6 (West 2014)) his right to a jury trial in open court. See *Bracey*, 213 Ill. 2d at 269. Furthermore, while defense counsel mentioned a bench trial several times on the record, counsel did so only in the context of scheduling and at no point waived the right to a jury trial on defendant's behalf. See, *e.g.*, *People v. Watson*, 246 Ill. App. 3d 548, 549 (1993) ("Vague references to a bench trial at the rescheduling conferences were not sufficient to constitute a valid jury waiver, especially in light of the fact that the record is devoid of evidence suggesting that the defendant was ever apprised of his right to a jury trial.").

¶ 16 We note that the record contains defendant's signed jury waiver. However, this court has previously held, in a case where there was no discussion in open court of the defendant's jury waiver but merely a signed jury waiver and discussion of a bench trial in terms of scheduling, that the defendant did not validly waive his right to a jury trial. *People v. Ruiz*, 367 Ill. App. 3d 236, 239 (2006); see *People v. Scott*, 186 Ill. 2d 283, 285 (1999) ("We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed."). In other words, "the existence of a written jury waiver is not dispositive of the issue of whether that waiver is valid." *Ruiz*, 367 Ill. App. 3d at 239 (citing *Bracey*, 213 Ill. 2d at 269-70). Moreover, although defendant had a criminal history, based upon the facts of this case, the mention of a bench trial within the context of scheduling and the existence of a signed jury waiver is not sufficient to show that defendant understandingly waived his right to a jury trial as required by section 103-6 of the Code. Accordingly, we find that defendant's right to a jury trial was violated and he has, therefore, met his burden under the plain error doctrine.

¶ 17 We are unpersuaded by the State's argument that the written jury waiver and "other indications" establish a valid waiver "notwithstanding the fact that a verbal acknowledgement is lacking from the record." The State relies on *People v. Asselborn*, 278 Ill. App. 3d 960 (1996). However, we find *Asselborn* distinguishable.

¶ 18 In *Asselborn*, prior to trial, the court stated " 'Have a seat. Jury waiver. Bench or jury?' " *Id.* at 962. Defense counsel replied: " 'It will be a bench [trial] your Honor.' " *Id.* The defendant was subsequently convicted of arson. He then appealed, arguing that he did not

waive his right to a jury trial in writing. *Id.* at 960. On appeal, the court found that, despite the absence of a written jury waiver, the record demonstrated that the defendant knowingly waived his right to a jury trial in open court because he was present and failed to object when defense counsel elected to proceed by way of a bench trial. *Id.* at 962. This court found that "[a] defendant who permits his counsel in his presence and without objection to waive his right to a jury trial is deemed to have acquiesced in, and is bound by, his counsel's actions." *Id.* at 962-63 (and cases cited therein).

¶ 19  In the case at bar, however, the trial court did not ask whether defendant wanted a bench trial or a jury trial, which would have indicated that defendant could choose how to proceed. As noted above, there was no indication in the record that defendant knew he had a choice between a bench trial or a jury trial, and there was no discussion of defendant's signed jury waiver in open court. See *Scott*, 186 Ill. 2d at 285; *People v. Eyen*, 291 Ill. App. 3d 38, 43 (1997) ("where nothing is stated in defendant's presence to suggest that defendant has an option between a bench trial and a jury trial, we cannot deem defendant to have acquiesced knowingly in his counsel's participation in a bench trial"). Here, defense counsel and the trial court mentioned a bench trial several times on the record in the context of scheduling. This is not a valid jury waiver by, or on behalf of, defendant. Accordingly, we reverse the judgment of the circuit court and remand this cause for a new trial without reaching defendant's other arguments on appeal.

¶ 20  Reversed and remanded.