2020 IL App (1st) 180067-U

No. 1-18-0067

FIFTH DIVISION
SEPTEMBER 4, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 11162 |
| | ) | |
| ADAN RODRIGUEZ, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Connors and Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction for home invasion is affirmed over his claim that he did not knowingly and voluntarily waive his right to a jury trial.

¶ 2    Following a bench trial, defendant Adan Rodriguez was found guilty of two counts of home invasion and two counts of aggravated battery.[1] The circuit court of Cook County merged the findings into one count of home invasion and sentenced the defendant to 6½ years' imprisonment.

_____

[1] Co-offender Cesar Cruz was found guilty of the same offenses following a separate but simultaneous bench trial. He is not a party to this appeal.

He appeals, arguing that the trial court committed plain error by not ensuring his jury waiver was knowing and voluntary. We affirm the defendant's conviction and sentence.

¶ 3    The defendant and Cesar Cruz were charged by indictment with multiple offenses arising from an incident on June 11, 2015, including attempt murder (720 ILCS 5/8-4(a) (West 2014); (720 ILCS 5/9-1(a) (West 2014)) (count I), home invasion (720 ILCS 5/19-6(a)(1), (2) (West 2014)) (counts II and III), residential burglary (720 ILCS 5/19-3(a) (West 2014)) (count IV), aggravated battery causing great bodily harm (720 ILCS 5/12-3.05(a)(1) (West 2014)) (count V), aggravated battery causing permanent disfigurement (720 ILCS 5/12-3.05(a)(1) (West 2014)) (count VI), and aggravated battery with a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2014)) (count VII).

¶ 4    During arraignment on August 24, 2015, the trial court told the defendant that he had the right to a jury trial and asked the defendant, "do you know what a trial by jury is?" The defendant responded, "Yes. Yes, your Honor." The court explained that during a jury trial, a defendant has the right to an attorney and the rights to remain silent and to confront the witnesses against him.

¶ 5    Prior to trial on March 1, 2017, defense counsel informed the court that the defendant was "requesting a bench trial." The following exchange occurred between the court and the defendant:

> "THE COURT: Did you sign this document entitled jury waiver?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Anybody make any promises or threats to get you to waive your rights to a trial by jury?
>
> THE DEFENDANT: No, your Honor.

THE COURT: Did you make that decision after speaking to your attorney of your own free will?

THE DEFENDANT: Yes, your Honor."

¶ 6    The defendant signed a jury waiver form, dated March 1, 2017, which states, "I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing." The court accepted the defendant's jury waiver.

¶ 7    The evidence at trial showed that the defendant, Cruz, and co-offender Daniel Garcia broke into Carlos Sanchez's home on the 2300 block of South Ridgeway Avenue through a second-floor window on June 11, 2015, and attempted to remove items from Sanchez's room. Sanchez, who had been sleeping, woke and physically confronted Cruz, who stabbed Sanchez. The three co-offenders then exited through the window. Sanchez went to the hospital for his injuries. He later identified the defendant to police because he had known defendant for years. Garcia, who was an adult at the time of trial but pleaded guilty in a juvenile proceeding in connection to the incident, testified that he did not recall the incident. The State then played a videotaped statement taken at the police station in which Garcia implicated himself, Cruz, and the defendant.

¶ 8    The court found the defendant not guilty of count I for attempt murder and count VI for aggravated battery with permanent disfigurement, but guilty of counts II and III for home invasion and counts V and VII for aggravated battery.[2] The defendant filed a motion for a new trial, which the court denied.

---

[2] In delivering its findings, the court stated that "residential burglary is a lesser included" offense that "merges into count 2," and "[y]ou can't have a separate finding of that." The court made no further reference to the residential burglary count at trial or at sentencing, and defendant's mittimus only states that "COUNTS 3, 5, 7 MERGE WITH COUNT 2."

¶ 9     The defendant's postsentencing investigation report showed that he was 21 years old at the time of trial and had no adult convictions or juvenile adjudications.[3] At the sentencing hearing, defense counsel added that the defendant had no "criminal background," "arrests," or "convictions." Following the hearing, the court merged counts III, V, and VII into count II and sentenced the defendant to 6½ years' imprisonment for home invasion (720 ILCS 5/19-6(a)(1) (West 2014)).

¶ 10    On appeal, the defendant argues that the trial court did not ensure his jury waiver was knowing and voluntary where it did not ask whether he knew the difference between a bench and jury trial and did not explain the difference. The defendant acknowledges that he did not preserve this issue through a timely objection and inclusion in his posttrial motion, but argues that we can consider it on plain error review.

¶ 11    A court may reach an unpreserved error on plain error review where a clear or obvious error occurred and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule." *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). We must first determine whether a clear or obvious error occurred. *People v. Staake*, 2017 IL 121755, ¶ 33.

---

[3] Defense counsel erroneously states that the defendant was 19 years old at the time of trial. In fact, he was 19 years old at the time of the *offense*.

¶ 12 A criminal defendant's right to a jury trial is guaranteed by the United States Constitution. U.S. Const., amends. VI, XIV. A defendant's decision to waive this right must be knowing and voluntary. *People v. Bannister*, 232 Ill. 2d 52, 65-66 (2008). The trial court must ensure the validity of a defendant's jury waiver, but there is no established formula or procedure. *Id.* at 66. Generally, the trial court should ensure that the defendant understands what a jury trial is and that he has the right to a jury trial, and then determine whether the defendant wishes to proceed by jury or bench trial. See *People v. West*, 2017 IL App (1st) 143632, ¶ 15 (citing *People v. Chitwood*, 67 Ill. 2d 443, 448-49 (1977)). A defendant challenging the validity of his jury waiver bears the burden on appeal. *People v. Stokes*, 281 Ill. App. 3d 972, 977 (1996). While not conclusive, a defendant's signed jury waiver form is competent evidence of his intent to proceed without a jury. *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7. Where, as here, there is no factual dispute, the trial court's acceptance of a defendant's jury waiver is reviewed *de novo*. *Bracey*, 213 Ill. 2d at 270.

¶ 13 The record shows that during arraignment on August 24, 2015, the trial court asked the defendant directly if he knew what a jury trial was, and the defendant affirmed that he did. The court also explained the rights that accompany a jury trial, including the rights to confront witnesses and to remain silent. Then, prior to trial on March 1, 2017, the defendant did not object when his attorney informed the trial court that the defendant wanted a bench trial. The court asked the defendant if he signed the jury waiver form. He affirmed, and further agreed that he was not offered anything for the waiver and made the decision of his own free will.

¶ 14 We find that the defendant has not demonstrated that his jury waiver was invalid. While the record shows that the defendant was 21 years old at trial and lacked a history of arrests or convictions, the trial court took affirmative steps to verify the defendant understood his

constitutional rights and the effect of his jury waiver. The defendant points to no evidence demonstrating that he did not understand the court's admonishments or the rights he waived. Additionally, without contrary evidence in the record, we may treat the signed jury waiver form as evidence of his intent to proceed by bench trial by forgoing a jury and submitting his case "to the court for hearing." See *Reed*, 2016 IL App (1st) 140498, ¶ 7.

¶ 15    Nevertheless, the defendant argues that the trial court's question "[d]id you make that decision after speaking to your attorney of your own free will?" can be interpreted as asking whether the defendant spoke to his attorney of his own free will, not whether the defendant made the ultimate decision to waive his right to a jury trial of his own free will. The court, however, posed this question in the context of discussing whether the defendant wanted to waive his right to a jury trial, and the defendant points to nothing in the record showing that he was confused by the court's phrasing or that he did not understand the effect of a jury waiver. On this record, the defendant cannot meet his burden to demonstrate that his waiver was not knowing and voluntary. See *Stokes*, 281 Ill. App. 3d at 977.

¶ 16    Finally, the defendant's reliance on *People v. Johnson*, 2019 IL App (1st) 162517, is misplaced. There, this court found that the trial court failed to ensure a knowing and voluntary waiver where the court never informed the defendant that he had the right to a jury trial or explained what a jury trial was. *Johnson*, 2019 IL App (1st) 162517, ¶¶ 4-5, 15-19. Here, in contrast, the trial court informed the defendant of his right to a jury trial, directly asked the defendant if he understood that right, which the defendant affirmed, and also confirmed that the defendant made the waiver decision of his own free will. These facts distinguish this matter from *Johnson* and support the validity of the defendant's waiver. See also *People v. Clay*, 363 Ill. App.

3d 780, 791-92 (2006) (finding a valid jury waiver where the trial court asked the defendant if she understood both what a jury trial was and that she was giving up her right to a jury trial, and the defendant affirmed).

¶ 17    Based on the foregoing, the defendant has failed to establish his jury waiver was invalid, and thus the court did not err by accepting the waiver. Without an error, there can be no plain error, and the defendant's conviction for home invasion is therefore affirmed.

¶ 18    Affirmed.